



1

2

3

4

5

6

7

8

9

10

Priority
Send
Enter
Closed
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only____

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELAINE WILBUR, | ) NO. ED CV 04-1317-GAF(E) |
| Plaintiff, | ) |
| v. | ) ORDER ADOPTING FINDINGS, |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) CONCLUSIONS AND RECOMMENDATIONS |
| Defendant. | ) OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636(b)(1)(B), the Court has reviewed the pleadings and other papers herein along with the attached Report and Recommendation of United States Magistrate Judge.

IT IS ORDERED that: (1) the Report and Recommendation is approved and adopted as the Findings of Fact and Conclusions of Law herein; (2) Plaintiff's motion for summary judgment is denied; (3) Defendant's motion for remand is granted in part; (4) the decision of the Commissioner of Social Security is reversed in part; and (5) the matter is remanded for further administrative action consistent with the Report and Recommendation of United States Magistrate Judge.

IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment by United States mail on the Plaintiff, counsel for Plaintiff and on the United States Attorney for the Central District of California.

DATED: _____, 2005.


_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

2

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11  ELAINE WILBUR,                    )    NO. ED CV 04-1317-GAF(E)
                                       )
12              Plaintiff,             )
                                       )
13      v.                            )    REPORT AND RECOMMENDATION OF
                                       )
14  JO ANNE B. BARNHART, COMMISSIONER  )    UNITED STATES MAGISTRATE JUDGE
    OF SOCIAL SECURITY ADMINISTRATION, )
15                                     )
                                       )
16              Defendant.             )
                                       )
17  _____)

18      This Report and Recommendation is submitted to the Honorable

19  Gary A. Feess, United States District Judge, pursuant to 28 U.S.C.

20  § 636 and General Order 01-13 of the United States District Court

21  for the Central District of California.

22

23                           PROCEEDINGS

24

25      Plaintiff filed a complaint on October 25, 2004, seeking review

26  of the Commissioner's denial of benefits.  Plaintiff filed a motion

27  for summary judgment on March 30, 2005.[1]  Defendant filed a cross-

28  _____

        [1]     Plaintiff's motion violates paragraph VI of this
    Court's Order, filed October 27, 2004.  Counsel for Plaintiff
    shall heed court orders in the future.



Case 5:04-cv-01317-GAF-E    Document 22-2    Filed 10/06/2005    Page 2 of 10

1   motion for remand on July 11, 2005, conceding that the case should be
2   remanded for further administrative proceedings.  On July 14, 2005,
3   the Court issued an order directing the parties to file either (1) a
4   stipulation for a remand, or (2) further briefing.  Plaintiff filed a
5   reply brief on July 15, 2005.  Defendant filed a supplemental brief
6   on August 18, 2005.  The Court has taken the parties' motions under
7   submission without oral argument.  See L.R. 7-15; "Order," filed
8   October 27, 2004.

9

10                  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

11

12       Plaintiff asserts disability based primarily on alleged pain in
13   the hands, wrists, right knee, heels, shoulders, and lower back
14   (Administrative Record ("A.R.") 373).  An Administrative Law Judge
15   ("ALJ") examined the medical record, heard testimony from Plaintiff,
16   and received written responses to interrogatories from a vocational
17   expert (A.R. 35-53, 410-46).

18

19       The ALJ found Plaintiff suffers from a pinched nerve in the
20   shoulder and pain in the left hand, wrists, knees, lower back, and
21   heels (A.R. 21-23).  The ALJ also found, however, that Plaintiff
22   retains the ability to perform her past relevant work.  Id.  The ALJ
23   found not credible Plaintiff's testimony regarding "excess" pain and
24   limitations (A.R. 20-21).  The Appeals Council denied review (A.R. 8-
25   10).
26   ///
27   ///
28   ///



2

1                          STANDARD OF REVIEW

2

3       Under 42 U.S.C. section 405(g), this Court reviews the

4   Commissioner's decision to determine if: (1) the Commissioner's

5   findings are supported by substantial evidence; and (2) the

6   Commissioner used proper legal standards.  See Swanson v. Secretary,

7   763 F.2d 1061, 1064 (9th Cir. 1985).

8

9                              DISCUSSION

10

11  I.   The ALJ Should Allow Plaintiff the Opportunity to Cross-Examine

12       the Vocational Expert.

13

14       After the December 16, 2003 administrative hearing, the ALJ

15  received written responses to interrogatories that the ALJ had sent

16  to a vocational expert (A.R. 443-46).  The ALJ incorporated these

17  interrogatory responses into her decision (A.R. 21-22).  Plaintiff

18  contends the ALJ failed to notify Plaintiff that the vocational

19  expert had submitted responses to the ALJ's interrogatories, thereby

20  denying Plaintiff the right to cross-examine the vocational expert.

21  Defendant suggests a remand, apparently not disputing the proposition

22  that the ALJ improperly denied Plaintiff the opportunity to cross-

23  examine the vocational expert.  See 5 U.S.C. § 556(d) ("A party is

24  entitled to . . . conduct such cross-examination as may be required

25  for a full and true disclosure of the facts."); cf. Richardson v.

26  Perales, 402 U.S. 389, 402 (1971) (written report by a licensed

27  physician constituted admissible evidence in a hearing on a

28  disability claim, where the claimant had an opportunity to subpoena

                                    3



1  the reporting physician for cross-examination, but chose not to do
2  so).

3

4  II.   **The ALJ Erroneously Failed to Address the Lay Witness Evidence**
5        **of Plaintiff's Aunt.**

6

7        Plaintiff argues the ALJ improperly ignored the lay witness
8  "testimony" of Plaintiff's aunt, Margaret Lujan.  In a Daily
9  Activities Questionnaire dated January 17, 2003, Ms. Lujan provided
10 her observations regarding the effect of Plaintiff's impairments on
11 Plaintiff's daily activities (A.R. 397-402).  Although the statements
12 made by Ms. Lujan in the Daily Activities Questionnaire are
13 consistent with Plaintiff's testimony regarding her excess pain and
14 limitations, the ALJ's decision does not mention Ms. Lujan's
15 potentially corroborative statements (A.R. 17-23).

16

17       In evaluating the credibility of a claimant's assertions of
18 functional limitations, the ALJ must consider lay witnesses' reported
19 observations of the claimant.  See Regennitter v. Commissioner, 166
20 F.3d 1294, 1298 (9th Cir. 1999).  "[F]amily members in a position
21 to observe a claimant's symptoms and daily activities are competent
22 to testify as to [the claimant's] condition."  Dodrill v. Shalala,
23 12 F.3d 915, 918-19 (9th Cir. 1993); 20 CFR § 404.1513(e)(2)
24 ("[o]bservations by non-medical sources" "may also help us to
25 understand how your impairment affects your ability to work").
26 "[T]he ALJ can reject the testimony of lay witnesses only if he gives
27 reasons germane to each witness whose testimony he rejects."  Smolen
28 v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); accord Polny v. Bowen,



Case 5:04-cv-01317-GAF-E   Document 22-2   Filed 10/06/2005   Page 5 of 10

1 | 864 F.2d 661, 664 (9th Cir. 1988); Smith v. Bowen, 849 F.2d 1222,
2 | 1226 (9th Cir. 1988).

3

4 | Most of the above-cited authorities speak in terms of the
5 | "testimony" of lay witnesses. The standards discussed in these
6 | authorities, however, would appear equally applicable to the written
7 | statements submitted in this case. Cf. Schneider v. Commissioner,
8 | 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ should have considered
9 | letters submitted by claimant's friends and ex-employers in
10 | evaluating severity of claimant's functional limitations).
11 | Therefore, the Court concludes that the ALJ erred in failing to
12 | discuss the statements of Ms. Lujan.[2]

13

14 | III. **Remand Is Appropriate.**

15

16 | When a court reverses an administrative determination, "the
17 | proper course, except in rare circumstances, is to remand to the
18 | agency for additional investigation or explanation." INS v. Ventura,
19 | 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is
20 | proper where, as here, additional administrative proceedings could
21 | remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d
22 | 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
23 | 1496, 1497 (9th Cir. 1984). A remand also will give the ALJ the
24 | opportunity to: (1) consider the additional medical records submitted
25 | by Plaintiff after the administrative hearing (A.R. 449-533); and

26 | _____

27 | [2] Defendant's suggestion of possible reasons to discount
Ms. Lujan's statements cannot alter this Court's analysis. See
28 | Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (the Court
"cannot affirm the decision of an agency on a ground that the
agency did not invoke in making its decision").



1  (2) clarify the nature of Plaintiff's limitations in her upper
2  extremities.[3]

3

4                          RECOMMENDATION

5

6      For all of the foregoing reasons, IT IS RECOMMENDED that the
7  Court issue an Order: (1) approving and adopting this Report and
8  Recommendation; (2) denying Plaintiff's motion for summary judgment;
9  (3) granting in part Defendant's motion for remand; and (4) directing
10 that Judgment be entered reversing in part the decision of the
11 Commissioner and remanding the matter for further administrative
12 action consistent with this Report and Recommendation.

13

14     DATED: October 5, 2005.

15

16                                    /S/
                              CHARLES F. EICK
17                      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24     [3]    The Court need not and has not adjudicated any of
   Plaintiff's other challenges to the Administration's decision,
25 except insofar as to determine that a reversal and remand for
   immediate payment of benefits would not be appropriate. See also
26 Minute Order dated July 14, 2005; Batson v. Commissioner, 359 F.3d
   1190, 1197 (9th Cir. 2004) (possibly erroneous finding in attempted
27 support of credibility determination does not require reversal where
   other, substantial evidence supports the determination); Connett v.
28 Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand for further
   administrative proceedings is an option even if the ALJ failed to
   state sufficient reasons for rejecting a claimant's testimony).



1 <u>NOTICE</u>

2

3        Reports and Recommendations are not appealable to the Court of

4 Appeals, but may be subject to the right of any party to file

5 objections as provided in the Local Rules Governing the Duties of

6 Magistrate Judges and review by the District Judge whose initials

7 appear in the docket number.  No notice of appeal pursuant to the

8 Federal Rules of Appellate Procedure should be filed until entry of

9 the judgment of the District Court.